## PRINCE v. KING COAL CO.

No. 10010—Opinion Filed Feb. 8, 1921.

Rehearing Denied May 31, 1921.

(Syllabus.)

1. **Mines and Mining—Loss of Coal Miner's Clothes by Fire in Bathhouse—Liability of Employer.**
Section 2, ch. 125, Sess. Laws 1913, does not relieve a company operating a coal mine from civil liability to employes for the value of wearing apparel destroyed by fire caused by the failure of such company, its agents and employes to exercise ordinary care in preventing the fire which consumed its bathhouse and the clothing of its employes deposited therein, under the rules of the company, while the employes were working in the mine, provided such employes were free from contributory negligence proximately causing their damage.

2. **Pleading—Liberal Construction.**
Section 4766, Rev. Laws 1910, provides that "in the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

3. **Mines and Mining—Loss of Coal Miners' Clothes by Fire in Bathhouse — Action Against Employer—Petition.**
Record examined, and held, that in view of the foregoing rule, it was error for the trial court to sustain a demurrer to the petition of the plaintiff.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action by W. A. Prince against the King Coal Company for damages. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Morgan, Pinkston & Hepburn, for plaintiff in error.

JOHNSON, J. This is an appeal from the superior court of Okmulgee county, Oklahoma, Henryetta division; Hon. R. E. Simpson, Judge.

On the 23rd day of April, 1918, the court sustained a general demurrer of the defendant to plaintiff's bill of paticulars filed herein. To reverse the judgment of the trial court sustaining said demurrer, this proceeding in error was regularly commenced by the plaintiff in this court.

The defendant in error has filed no brief in this court as required by rule 7. nor has it given any reason why briefs have not been filed as required by said rule, and the court feels justified in dismissing, reversing, or affirming the judgment, in its discretion, but in view of a peculiarity disclosed by the record we have considered the appeal upon its merits.

The record discloses that during the month of January, 1918, there were filed in the justice of the peace courts of Honorable R. B. Campbell and Honorable W. Thomas, justices of the peace in and for Henryetta district of Okmulgee county at Henryetta, 64 cases wherein the plaintiffs prayed judgment against the King Coal Company, in various sums running from $1.35 to $42.50 each, aggregating a total sum of $1,246.42.

The bills of particulars are in each case the same except as to the name and the amount prayed for. By stipulation of the parties and orders of the court regularly made, these cases were transferred to the superior court of Okmulgee county as aforesaid, in which court the following stipulations were filed:

"That the case of one of the defendants herein, to wit, W. A. Prince, may be tried in this court upon the bill of particulars filed by the said W. A. Prince * * * upon which said trial, the said W. A. Prince may be treated as plaintiff, and the said King Coal Company as defendant."

It was further stipulated and agreed in said stipulations:

"That the claims of all the other defendants hereto shall abide the ultimate and final decision of W. A. Prince in said cause

against said King Coal Company, as to all questions of fact and of law involved in said several suits or claims."

The bill of particulars was as follows:

"Comes now the plaintiff and for cause of action against the defendant, alleges and states: That the plaintiff is a resident of the county of Okmulgee, Oklahoma; that the defendant is a corporation organized and existing under the laws of the state of Oklahoma, and at all times hereinafter mentioned was operating a coal mine known as the King Coal Co., at Dewar, Okmulgee county, Oklahoma, and has property in said county and state. And that at all times hereinafter mentioned, plaintiff was in the employ of the defendant as a coal miner, and worked in said mine.

"That in the operation of its said mine, and as a part thereof, defendant maintained a building as a washhouse or dressing room, wherein the employes of the defendant, and particularly this plaintiff, undressed before going down into said mine, and after dressing in suitable clothing for the work in said mine, left their clothing for safe-keeping until they had finished their shift in said mine. And this plaintiff was compelled, during the course of his said employment, to leave his clothing in said washhouse or dressing room while working ·in said mine. Plaintiff alleges that it was the duty of this defendant to furnish a safe house or place to keep his said clothing while he was at work in said mine. That on the 3rd day of December, 1917, this plaintiff, while working in the employ of this defendant, undressed in said washhouse or dressing room, and after dressing in suitable clothing for his work as aforesaid, left his clothing, underclothing, shoes and hat, all of the value of $42.50, and entered upon his shift in said mine. That during said day, and while plaintiff was absent in said mine, as aforesaid, the washhouse or dressing room, without any fault of this plaintiff and through the carelessness and negligence of this defendant in failing to employ suitable means to prevent such fire, and by permitting a wastedump which had been burning for a long period of time to remain close to, and attached to said washhouse, after this defendant had been notified of the danger of said washhouse from said burning dump, was burned, and the said clothing, underclothing, shoes and hat of this plaintiff were burned and totally destroyed, all to his great damages in the sum of $42.50.

"Wherefore plaintiff prays judgment against said defendant for $42.50 and costs of this action."

Counsel for plaintiff say in their brief:

"The only questions presented to this court are: Does the bill of particulars state a cause of action, and did the court err in sustaining the demurrer thereto?

"This necessitates a construction of section 2, chapter 125, Session Laws 1913, p. 238, which reads as follows: 'No person, corporation or company, its agents, officers or representatives, maintaining such bathhouse at its mines as required in section 1 hereof, shall be legally liable for the loss or destruction of any property left at or in said bathhouse.' "

Prior to the passage of the act, supra, the general laws regulating the operation of coal mines were chapter 54 of Session Laws 1907-08, and were carried forward in the Revised Laws 1910 as chapter 47, and section 4011 of the statutes provided, in substance, that it should be the duty of the operator or the superintendent of any coal mine in this state at the request in writing of the mine inspector, who should make such request upon petition of any five miners or other persons working therein, to provide a suitable building convenient to the entrance of such mine for the use of persons employed therein for the purpose of washing themselves and changing their clothing when entering and returning therefrom, the building to be maintained in good order and to be provided with proper light and heat and facilities for persons to wash and change their clothing, by proper facilities meaning properly constructed lockers to protect clothing, a supply of hot and cold water and bath tubs, providing the workmen supply their own soap and towels. And section 4012 provided that any one violating or failing to comply with any provision of the preceding section, or any person destroying any of the property provided for in said section, should be deemed guilty of a misdemeanor and upon conviction be fined in the sum of not less than $10 nor more than $100, or imprisonment in the county jail not less than 60 days, or both said fine and imprisonment.

Section 1, ch. 125, Session Laws 1913, supra, amended section 4011 of the statute, supra, by making it mandatory upon any corporation or company owning and operating, or operating as lessee, any mine wherein ten or more miners are employed in digging coal to provide a washhouse as provided for in the original act, and section 2 of said chapter quoted, supra, follows, and section 2 provided penalty for failing, neglecting, or refusing to comply with the provisions of section 1, making such failure a misdemeanor and upon conviction punishable by fine in any sum not less than $50 nor more than $200, or imprisonment in the county jail for a period of not less than ten and not more than 90 days, or both such fine and imprisonment, for each violation, and providing that each week such person

fails and neglects to comply with the provisions shall constitute a separate offense, and section 4 of said act specifically repealed sections 4011 and 4012 of the statute, supra.

At the time of the passage of chapter 125, Session Laws 1913, containing the provisions hereinbefore referred to, section 4014, chap. 47, Rev. Laws 1910, supra, provided that neglect, failure, or refusal to perform any of the duties required by any section of that chapter by any firm, association, corporation, person or parties required to perform them should be a misdemeanor, and upon conviction be punishable by a fine not exceeding $500 or imprisonment in the county jail for a period not exceeding six months, or both, "and in addition thereto, such corporation or other mine operator violating any of the provisions of this chapter shall be civilly liable to any person injured thereby to the extent of such injury."

Following this section, and as an annotation thereto, there appears the following: "History: L. 1907-08, page 552. Revision: provides that civil as well as criminal liability made definite."

The latter provision of the statute was in full force at the time of the enactment of chapter 125, Session Laws 1913, and said act did not, by its terms, repeal or purport to repeal the same, nor do we think that the Legislature intended to repeal the same, for the reason that it specifically repealed two sections of the statutes upon the general subject, which seems to have manifested the intention to permit the remaining sections of the law to remain intact, and it was not the intention of the Legislature to relieve the class of persons enumerated in section 4014 of any civil liability, but criminal liability only, for the neglect, failure, or refusal to perform any of the duties required by any section of this chapter, and section 2 of chapter 125, supra, construed together with section 4014, shows it was only intended to grant relief from liability for the the loss or destruction of any property left at or in such bathhouse not occasioned through the act or omission of such firm, association, corporation, person, or parties required to perform the duties of maintaining such bathhouse. This is in conformity with other provisions of the statute with which the provisions should likewise be construed. Section 998 provides:

"Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself."

Also, section 2845 provides:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault, a compensation therefor in money, which is called damages."

Both of these provisions were taken from the Dakota Statutes, being sections 3603 and 4574 thereof, respectively, and have both been upheld by the Supreme Court of that state, and this court, in a long list of decisions entirely too numerous to cite in this opinion.

It seems clear to us that the bill of particulars in the instant case stated a cause of action against the defendant for negligently permitting fire to be communicated to the washhouse from the waste-dump, an action in tort for negligently permitting a fire that destroyed the plaintiff's property situated where it had a right to be under any phase of the case, and it may be that the section of the act, supra, may have no application. This question has not been briefed.

The trial court erred in sustaining the demurrer of the defendant. The judgment is therefore reversed, and the cause remanded, with directions to proceed further in accordance with the views herein expressed.

All the Justices concur, except KANE and MILLER, JJ.